# NO. 12-09-00205-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE: DANIEL WALKER,* | § |  |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
|  | § |  |

---

### MEMORANDUM OPINION
### PER CURIAM

Daniel Walker seeks a writ of mandamus requiring the respondent, the Honorable Joel P. Baker, Judge of the County Court, Smith County, Texas, to appoint counsel for him.

According to Walker's mandamus petition, he is currently confined in the Smith County Jail. Following Walker's confinement, the respondent administered the required warnings concerning Walker's constitutional rights. Walker then filed an affidavit of indigency and requested appointed counsel. He complains here that he "has yet to meet with an attorney, certified by the State of Texas." He alleges that the respondent has a ministerial duty to obtain "legal guidance" for him and requests that we direct the respondent to fulfill his duty.

Mandamus relief is authorized in a criminal case only if the relator establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App.2001). A relator must furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a) (requiring a relator to file a certified or sworn copy of every document material to his claim).

Walker has not furnished a record in this proceeding. Therefore, we have not been provided with information showing that the respondent has any connection with Walker's criminal case, other than the administration of the initial warnings. Consequently, we cannot determine what duty the respondent had, if any, to appoint counsel for Walker. Absent such information, we cannot conclude that Walker is entitled to mandamus relief. Accordingly, Walker's petition for writ of mandamus is ***denied***.

Opinion delivered July 15, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2